101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alejandro PALMERO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3413.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 2
 Alejandro Palmero, a federal prisoner proceeding pro se, appeals a district court order dismissing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 8, 1993, Palmero pleaded guilty, pursuant to a Rule 11 plea agreement, to one count of conspiracy to distribute cocaine. The plea agreement provided, inter alia, that Palmero waived his right to appeal or to bring a post-conviction challenge to his conviction and sentence. The district court sentenced him on January 3, 1994, to 84 months in prison and eight years of supervised release. Palmero did not file a direct appeal.
 
 
 4
 In his motion to vacate, Palmero raised three grounds for relief: (1) the grand jury did not vote to return a true bill, resulting in a fatally defective indictment; (2) he was denied effective assistance of counsel, because his lawyer failed to object to the defective indictment; and (3) the plea agreement was not filed until September 13, 1995, and thus was not effective at the time of sentencing. In his supporting memorandum, Palmero also challenged the indictment on the ground that it was signed by an Acting United States Attorney instead of the "attorney for the government," as required by Fed.R.Crim.P. 7(c)(1).
 
 
 5
 In a memorandum of opinion and order filed and entered on March 28, 1996, the district court denied Palmero's motion to vacate on the basis that the plea agreement, which he did not challenge as unknowing or involuntary, contained a waiver of the right to bring a § 2255 motion. The district court also stated that it had reviewed the specific issues raised by Palmero in his motion to vacate and found them to be meritless.
 
 
 6
 On appeal, Palmero continues to argue the points he raised before the district court. In addition, he asserts that "both the plea agreement and the subsequent Rule 11 ... proceeding were illegally obtained" and that defense counsel was ineffective in handling his plea proceeding. Palmero has filed a motion to proceed in forma pauperis on appeal and a motion for inspection and discovery. In the latter motion he seeks a certified copy of the attendance record of each grand juror who voted his indictment.
 
 
 7
 Upon careful consideration, we affirm the district court's order. To warrant relief under § 2255 because of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). To warrant relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). The record in this case does not meet these standards.
 
 
 8
 In the district court, Palmero did not challenge the validity of his plea agreement (except as to filing date). Nor did he allege that his counsel's performance in the plea proceeding was deficient, except as to the failure to object to the allegedly defective indictment. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. See Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). No exceptional circumstances are present in this case. Therefore, we will not address Palmero's newly-raised issues.
 
 
 9
 The district court concluded that Palmero's plea agreement contained a valid waiver of his right to bring a § 2255 action. We agree. This court has previously held that a defendant may waive his right to appeal his conviction and sentence directly. See United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995); United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995). Such a waiver must be knowingly, intelligently, and voluntarily made. See Ashe, 47 F.3d at 775-76. The Fifth and Ninth Circuits have held that a defendant may also waive his right to attack his conviction or sentence collaterally. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). The reasoning of these decisions is persuasive. Both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived. Abarca, 985 F.2d at 1014. On the record before it, the district court did not err in finding the waiver to be knowingly and voluntarily made. The waiver is therefore sufficient to bar relief in this case. See Wilkes, 20 F.3d at 653.
 
 
 10
 Palmero's assertion that the grand jury did not vote to return an indictment, moreover, is totally without support in the record. And the district court, which did have access to the grand jury records, found that there was no merit to Palmero's claim. See United States v. Deffenbaugh Industries, Inc., 957 F.2d 749, 757 (10th Cir.1992).
 
 
 11
 Palmero also complains that the indictment is defective because it was signed by an Acting United States Attorney, rather than the United States Attorney. By entering his guilty plea, however, Palmero waived all non-jurisdictional antecedent defects in the proceedings below. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973). A failure to sign the indictment would be just such a non-jurisdictional antecedent defect. United States v. Adu, 82 F.3d 119, 123 (6th Cir.1996); United States v. Bell, 966 F.2d 914, 915 (5th Cir.1992). Furthermore, the signature of an Assistant United States Attorney is sufficient to indicate that the United States Attorney agreed with the grand jury's action. United States v. Easton, 937 F.2d 160, 161-62 (5th Cir.1991), cert. denied, 502 U.S. 1045 (1992); United States v. Walls, 577 F.2d 690, 696 (9th Cir.), cert. denied, 439 U.S. 893 (1978); United States v. Vance, 256 F.2d 82, 83 (6th Cir.1958).
 
 
 12
 Palmero's argument that his plea agreement was invalid because it was not filed until 1995 is refuted by the district court's docket sheet. The docket sheet establishes that the agreement was filed on November 8, 1993, the same date it was signed.
 
 
 13
 Finally, Palmero argues that his attorney's assistance was constitutionally ineffective because the attorney did not object to the allegedly defective indictment. As we have already explained, however, the indictment was not defective; the failure to object to it thus did not constitute ineffective assistance of counsel. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986).
 
 
 14
 We grant Palmero's motion to proceed in forma pauperis for the purpose of this review only. We deny his motion for inspection and discovery. The district court's order, entered on March 28, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation