George C. WATSON, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 97–5738.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 26, 1998.

Decided Jan. 21, 1999.

Susan G. James (argued and briefed), Law Offices of Susan G. James & Associates, Montgomery, Alabama, for Appellant.

Steve H. Cook (argued and briefed), Office of the U.S. Attorney, Knoxville, Tennessee, for Appellee.

Before: KENNEDY and RYAN Circuit Judges; ROSEN, District Judge.*

ROSEN, District Judge.

## I.  INTRODUCTION

George C. Watson, a federal prisoner, appeals a March 19, 1997 District Court order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  Because we find that Watson validly waived the right to collaterally attack his sentence in his plea agreement, we affirm the District Court's judgment.

## II.  BACKGROUND

On January 30, 1990, Watson pleaded guilty pursuant to a Rule 11 plea agreement to one count of conspiring to sell and distribute methamphetamine during a ten-month period from on or about November 1988 through August 10, 1989.  The plea agreement provided, in pertinent part:

1.  The defendant agrees to plead guilty to count 1 of a Superseding Information

charging him with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute methamphetamine.  Pursuant to Rule 11(e)(1)(A) of the Federal Rules of Criminal Procedure the United States agrees that it will move the Court at the time of sentencing to dismiss the Indictment against the defendant in this case.  The parties further agree that the appropriate disposition of this case would be the following:

(a) The Court may impose any lawful term of imprisonment up to the statutory maximum

\* \* \* \*

7.  The defendant acknowledges that he understands that his case is governed by the Sentencing Guidelines and that any term of imprisonment imposed under the guidelines is nonparolable.  The defendant further acknowledges that he understands that the Court will determine the appropriate sentence under the Sentencing Guidelines and that this determination will be based upon the entire scope of his criminal conduct, his criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines.

8.  The defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255.  Specifically, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea(s) being offered in the instant case.  Defendant further acknowledges that a breach of this clause of the plea agreement would leave the United States free to withdraw from the plea agreement.

(J.A. pp. 1, 11–12).  Thus, under the express terms of the written plea agreement, Watson waived the right to file any motions or pleadings under § 2255.

Pursuant to the applicable guidelines, the District Court sentenced Watson to a total of 199 months imprisonment on May 14, 1990.[1]

---

\* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

1.  The United States Probation and Parole Office prepared a Presentence Report ("PSR") which was completed on March 21, 1990.  In the PSR, the probation officer calculated an Adjusted Of-

Watson appealed the sentence arguing only the constitutionality of United States Sentencing Guideline ("U.S.S.G.") § 1B1.3(a)(2), an issue never raised before the District Court.[2] In an unpublished decision rendered on February 21, 1991, this Court affirmed the judgment of the District Court. *United States v. Watson,* 925 F.2d 1466 (Table), 1991 WL 22007 (6th Cir.1991). On July 24, 1994, Watson filed a § 2255 motion, which the District Court denied as without merit on March 19, 1997.[3]

In the present appeal, Watson raises the following five issues: (1) whether the district court improperly declined to grant Watson an evidentiary hearing prior to denying his § 2255 motion; (2) whether inaccurate information formed the basis for the court's denial of Watson's Sixth Amendment right to confront witnesses at his sentencing hearing; (3) whether the court improperly applied a U.S.S.G. § 3B1.1 enhancement for Watson's alleged leadership role in the offense; (4) whether the court should have considered diminished capacity as a basis for a downward departure; and (5) whether the district court improperly determined the amount and type of drugs attributable to Watson.

### III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–638, 113 S.Ct. 1710, 1721–1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a " 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious

that it amounts to a violation of due process." *United States v. Ferguson,* 918 F.2d 627, 630 (6th Cir.1990) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

### IV. ANALYSIS

As noted above, the instant appeal involves five discrete issues. Because we find that Watson waived the right to collaterally attack his sentence in his plea agreement, we find it unnecessary to address the merits of the five issues raised by this appeal.

Although we are aware of no published case law in this Circuit holding that a defendant can waive the right to collaterally attack a sentence in a plea agreement, this Court recently enforced such a waiver in an unpublished decision, *Palmero v. United States,* 101 F.3d 702 (Table), 1996 WL 678222 (6th Cir.1996) (unpublished decision). In reaching this decision, the *Palmero* Court first cited this Circuit's numerous decisions holding that a defendant may waive the right to directly appeal a conviction or sentence in a plea agreement. *See, United States v. Allison,* 59 F.3d 43, 46 (6th Cir.), *cert. denied,* 516 U.S. 1002, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995); *United States v. Ashe,* 47 F.3d 770, 775–776 (6th Cir.1995). Arguing by analogy, the court then noted that both the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made. *Palmero,* 1996 WL 678222 at *2.

Similarly, the Fifth and Ninth Circuits have held that a defendant may waive the right to collaterally attack a sentence in a plea agreement. *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994); *United States v.*

---

2. fense Level of 34 and a Criminal History Category II, which carried with it a guideline range of 168 to 210 months. Pursuant to the Local Rules, Watson filed objections to the PSR, which the District Court reviewed and rejected at the May 14, 1990 sentencing.

2. U.S.S.G. § 1B1.3(a)(2) directs the district judge to consider all relevant evidence in fashioning the appropriate punishment.

3. 28 U.S.C. § 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993), *cert. denied,* 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993). In reaching this decision, the Ninth Circuit convincingly reasoned as follows:

> Like the right to bring a direct appeal of his sentence, the right Abarca seeks to exercise in bringing a collateral attack is statutory … A knowing and voluntary waiver of a statutory right is enforceable. While we do not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver, the question of the degree of his culpability is an issue clearly contemplated by, and subject to, his plea agreement.

*Abarca,* 985 F.2d at 1014 (internal citations omitted). Likewise, the Fifth Circuit found "no principled means of distinguishing" between a waiver of the right to file a § 2255 motion and the waiver of a right to appeal. *Wilkes,* 20 F.3d at 653.

 Having reviewed *Abarca* and *Wilkes,* we find the logic of these cases persuasive. Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.[4]

 Turning to the present case, an examination of the record reveals that Watson knowingly, intelligently, and voluntarily waived his right to collaterally attack the plea. Watson appeared with counsel at the January 30, 1998 hearing, at which time he indicated that no one had threatened him or forced him in any way to plead guilty. (J.A. p. 61). His attorney proceeded to summarize the terms of the plea agreement on the record, including the acknowledgment that he would be sentenced pursuant to the Sentencing Guidelines and the waiver of his right to collaterally attack the plea. (J.A. pp. 61–65). In response to direct questioning from the court, Watson verified his attorney's summary of the plea agreement, indicated that he had signed the plea, and stated that he understood that the court was under no obligation to accept the agreement. (J.A. p. 66).

Finally, Watson reaffirmed his desire to plead guilty after he was informed on the record that his crime carried a significant nonparolable prison term. (J.A. pp. 72–73). In sum, the District Court went to great lengths to ensure that Watson fully understood the terms of his plea agreement and the consequences of his guilty plea.

Moreover, like the Defendant in *Abarca,* Watson's § 2255 motion does not claim ineffective assistance of counsel, but rather challenges the length of his sentence, an issue clearly contemplated by, and subject to, his plea agreement. In point of fact, Watson expressly acknowledged in paragraph 7 of his plea agreement that the court would determine the appropriate sentence under the Sentencing Guidelines and that the court would base this determination upon the entire scope of his criminal conduct, his criminal history, and other factors set forth in the Sentencing Guidelines.

Therefore, we find that Watson's relinquished his right to collaterally attack his sentence through a § 2255 motion by executing a valid waiver of this right in his plea agreement. Accordingly, the District Court's judgment is AFFIRMED.

---

4. In reaching this decision, we do not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel.