Jewell Lamont ALLEN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 00–2416.

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Jewell Lamont Allen, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

argument is not needed. Fed. R.App. P. 34(a).

On August 6, 1998, Allen pleaded guilty to conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), felon in possession of firearms in violation of 18 U.S.C. § 922(g), and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). He was sentenced on June 11, 1999, to 280 months in prison, 10 years of supervised release, a $5000 fine, and a $400 special assessment. Allen did not appeal his convictions or sentence.

On February 22, 2000, Allen filed his § 2255 motion, asserting that: 1) trial counsel rendered ineffective assistance by preventing him from fully cooperating with the government as required by his plea agreement; and 2) his § 922(g) conviction should be set aside in light of *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999). The district court dismissed the motion as without merit in an order entered June 22, 2000, and Allen moved for reconsideration of the order on June 30, 2000. The district court thereafter denied Allen's motion, but granted a certificate of appealability (COA) as to Allen's first claim.

In his appeal, Allen reasserts his first claim. The government contends that Allen's appeal is not timely and that he procedurally defaulted his claim of ineffective assistance.

■ Initially, we conclude that Allen's appeal is timely. Allen's motion for reconsideration was filed within ten days of the judgment and therefore tolled the time for filing a notice of appeal. *See Acevedo–Villalobos v. Hernandez*, 22 F.3d 384, 387 (1st Cir.1994). After the district court denied his motion in an order entered July 7, 2000, Allen had sixty days, or until September 5, 2000, to file his notice of appeal.

*See* Fed. R.App. P. 4(a)(1)(B). Allen's notice of appeal was received by the district court on August 28, 2000, and was well within the appeal period.

■ We also note that Allen has not procedurally defaulted his claim of ineffective assistance of counsel. The preferred route for a federal prisoner to raise an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. § 2255, which allows the parties to develop an adequate record on the issue. *See United States v. Carr*, 5 F.3d 986, 993 (6th Cir.1993).

It is also noted that because the COA authorized review only of the issue of ineffective assistance, this court may not review any other issue that Allen may be attempting to raise on appeal. *See* 28 U.S.C. § 2253(c).

Upon review, we conclude that the district court properly dismissed Allen's claim of ineffective assistance because the record does not reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).

■ Allen argued that his original trial counsel (Hunter) rendered ineffective assistance by preventing him from fully cooperating with the government as required by his plea agreement. Allegedly, Hunter had warned Allen not to disclose any information to the government outside of his presence, but then failed to appear at a debriefing with the government. As Hunter was not present, Allen was unsure what to do. Allen asked the government some questions about the firearm charges, but the government mistook his questions

for a lack of interest in cooperating. Consequently, at sentencing, the government moved for a lesser downward departure than it otherwise would have.

Trial counsel did not render ineffective assistance as the record as a whole belies Allen's account of events and shows that Allen consented to Hunter's absence at the debriefing. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Ming He,* 94 F.3d 782, 794 (2d Cir.1996). In an affidavit, Hunter stated that he had repeatedly emphasized the need for Allen to be candid with the government. Allen assured counsel that he would cooperate and indicated his willingness to speak to the government without counsel. A law enforcement official present at the debriefing stated in his affidavit that Allen had refused the opportunity to speak to Hunter over a cellular telephone, mumbling that counsel wanted him to cooperate. At sentencing, where he was represented by new counsel, Allen did not object to Hunter's absence at the debriefing or otherwise attribute his reluctance in cooperating to Hunter. Rather, Allen apologized for his failure to cooperate.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.