RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0222P (6th Cir.)
File Name: 01a0222p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

EDWIN DAVILA,
     *Petitioner-Appellant,*

          *v.*                          No. 00-3042

UNITED STATES OF AMERICA,
     *Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 99-02823—David D. Dowd, Jr., District Judge.

Submitted: April 26, 2001

Decided and Filed: July 17, 2001

Before: NELSON and BATCHELDER, Circuit Judges;
FEIKENS, District Judge.

---

\* The Honorable John Feikens, United States District Judge for the
Eastern District of Michigan, sitting by designation.

1

---

**COUNSEL**

---

**ON BRIEF:** Christian H. Stickan, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. Edwin Davila, Canton, Ohio, pro se.

---

**OPINION**

---

FEIKENS, District Judge.    Edwin Davila appeals a December 15, 1999 district court order denying his 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. Because Davila voluntarily, intelligently, and knowingly waived his right to collaterally attack his sentence in his plea agreement he may not raise the issue in a § 2255 petition; and thus we affirm the District Court's judgment.

## I.  BACKGROUND

Davila is an attorney in Ohio and represented Universal Management Services, Inc. (Universal) as their general counsel.  Universal marketed and distributed The Stimulator, a pain reduction apparatus that used an electrical current to curtail a user's pain.  In November 1994, the Food and Drug Administration (FDA) contacted Universal and instructed the company to discontinue marketing and distributing The Stimulator because the necessary registration and FDA approval had not been obtained.  Universal ignored the FDA request and thereupon the FDA filed a lawsuit against Universal to restrain it from producing and distributing The Stimulator.  On January 22, 1997, United States District Judge Oliver issued a preliminary injunction requiring Universal to discontinue its production and sale. *See United States v. Universal Management Services, Inc.*, 999 F. Supp. 974 (N.D. Ohio 1997).   Davila represented Universal in this lawsuit.

sentence.  The denial of his § 2255 motion, accordingly, is
AFFIRMED.

Customers continued to order The Stimulator after
Universal was enjoined.  Davila misappropriated the checks
sent with these orders and endorsed and deposited them into
a fraudulent account that he established in the name of Go
Enterprises.  After the checks cleared the bank, Davila then
deposited the proceeds into his personal bank account. Using
this method, he was able to misappropriate in excess of
$152,000.

During the pendency of the Universal/FDA case, Davila
lied to the court when he submitted a memorandum stating
that he was depositing checks received after the date of the
entry of the preliminary injunction into his trust account and
returning the money to the customers.  He then notified any
customers that had placed orders that the FDA had taken
control of their checks and deposited them into a government
bank account.  Davila was eventually trapped in his lies and
was charged by the government in a ten-count indictment:
five counts of money laundering, three counts of mail fraud,
one count of criminal contempt, and one count of bank fraud.
He pleaded guilty in a plea agreement and hearing two days
prior to trial.

In his plea agreement and hearing, Davila pleaded guilty to
five counts of money laundering in consideration for a
reduced sentence.  United States District Court Judge Dowd
sentenced him to 33 months of incarceration and 36 months
of supervised release.  Specifically, in his plea agreement and
at sentencing, Davila waived his right to appeal his sentence
and conviction except in two limited circumstances.[1]

On November 18, 1999, he filed a habeas corpus petition,
pursuant to 28 U.S.C. § 2255 (1999), seeking relief from his
conviction for money laundering. Davila contends that his
counsel was ineffective in that he failed to argue for a

---

[1]Davila retained the right to appeal the following:  (a) any
punishment imposed in excess of a statutory maximum and, (b) any
punishment to the extent it constitutes an upward departure from the
guideline range deemed most applicable by the sentencing court.

dismissal of the money laundering conviction when charges for the predicate offenses were dismissed. He also contends that his counsel was ineffective in that he failed to argue that the money laundering base offense level fell outside the heartland of such cases and that he should have argued for a reduction in the sentence.

Judge Dowd summarily dismissed the petition finding that it plainly appeared from the record that the petitioner was not entitled to relief, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[2] He also held that because Davila "failed to present the issues on direct appeal, the defendant is foreclosed from presenting the issues in an action brought pursuant to 28 U.S.C. § 2255." (Citations omitted.) Judge Dowd did not decide whether Davila waived his right to raise this appeal because of his plea agreement. In his ruling, he stated "The Court need not consider the issue of whether the defendant's waiver of the right to file the § 2255 action is binding. The defendant has briefed that issue, but none of the cases involved a defendant who was at the time, a lawyer."

When Davila appealed, this Court granted a certificate of appealability on three issues: (1) whether he waived his ineffective assistance of counsel claims when he signed a plea agreement that waived his right to bring a motion under 28 U.S.C. § 2255; (2) whether he was ineffectively assisted by his counsel when his counsel failed to move for a downward departure; (3) whether he was ineffectively assisted by his counsel when his counsel failed to object to the use of the money laundering sentencing guideline and did not argue instead for use of the fraud sentencing guideline. Because the first issue raised is determinative, whether he waived his ineffective assistance of counsel claim when he signed a plea

---

[2] Rule 4(b) states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal...."

contends that in some fashion he was denied a constitutional right in the process that led to his conviction and sentence.

And one of the most common things that's raised sometimes is, I was denied the effective assistance of counsel. And that kind of gets around the failure to appeal.

And the claim is, I couldn't have shown the denial of the effective assistance of counsel on the record, so there was no reason to appeal in any event.

What the government is trying to do is forestall any such action. And the reason is, frankly, they get tired of filling the paperwork to demonstrate there isn't any right to post-conviction proceedings, but now the plea agreements carry this trying to stop it.

Now, do you understand that's what this relates to?

THE DEFENDANT: Yes, I do, your Honor.

THE COURT:     Any questions about that?

THE DEFENDANT: No, sir.

We deny Davila's petition for § 2255 relief. He effectively waived his right to bring a § 2255 petition when he entered into the plea agreement in consideration for a reduced

Davila knew what he was doing when he entered into the plea agreement and did so knowingly, intelligently, and voluntarily.

Additional evidence that Davila did so is found in the detailed explanation that Judge Dowd gave to Davila regarding this provision in the plea agreement and his response thereto.  He made it abundantly clear to Davila that he was waiving his right to bring a § 2255 collateral attack.  The following explanation took place:

THE COURT:          Mr. Davila, could you bring the plea agreement with you again, Mr. Davila?

THE DEFENDANT:    I have it in front of me, your honor.

THE COURT:          The bottom of page 4, the sentence reads:

The defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 United States Code Section 2255.

...

What I really want to focus your attention on is the provision that talks about a post-conviction proceeding under 28 United States Code Section 2255.  And what that refers to is where a defendant, once he has been incarcerated and the time for an appeal has gone by, nonetheless files an action in the court from whence his conviction arose, and

agreement that waived his right to bring a motion under 28 U.S.C. § 2255, we do not address the other two issues.

## II.  ANALYSIS

Our Circuit has yet to decide whether a defendant can waive his right to bring an ineffective assistance of counsel claim under 28 U.S.C. § 2255. *Watson v. United States*, 165 F. 3d 486, 489 n.4 (6th Cir. 1999).  Those Circuits that have addressed this issue have done so using a *de novo* standard of review.  *See United States v. Cockerham*, 237 F. 3d 1179, 1181 (10th Cir. 2001) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); Deroo v. United States, 223 F.3d 919, 923 (8th Cir. 2000)).  We also apply the *de novo* standard of review to this appeal.

This Circuit has held that plea-agreement waivers of § 2255 rights are generally enforceable, but we have not yet ruled whether a waiver is effective when ineffective assistance of counsel is pleaded.  *See Watson v. United States*, 165 F.3d 486, 489 n.4 (6th Cir. 1999) ("In reaching this decision, we do not address the question of whether the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel"); *Palmero v. United States*, 101 F.3d 702 (Table), 1996 WL 678222, **2 (6th Cir. 1996); *See also Williams v. United States*, 210 F. 3d 373 (Table), 2000 WL 178687, **2 (6th Cir. 2000).  However, we have said that, "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing to *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995).  To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily.  *See Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S. Ct. 1187, 94 L. Ed. 405 (1987).

We now decide this question, whether a plea agreement that waives the right to file for post conviction relief under § 2255 is enforceable when the petitioner claims ineffective assistance of counsel.  We look to other Circuits for guidance.

*See United States v. Cockerham*, 237 F. 3d 1179, 1183 (10th Cir. 2001) (which describes how other circuit courts have handled this issue). The majority of Circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver. *See United States v. Djelevic*, 161 F. 3d 104, 106-107 (2nd Cir. 1998); *Jones v. United States*, 167 F. 3d 1142, 1145 (7th Cir. 1998); *DeRoo v. United States*, 223 F. 3d 919, 924 (8th Cir. 2000); *United States v. Abarca*, 985 F. 2d 1012, 1014 (9th Cir. 1993); *United States v. Cockerman*, 237 F. 3d 1179, 1184 (10th Cir. 2001). The Fifth Circuit will uphold the waiver and apply it to ineffective assistance of counsel claims on a case-by-case basis depending on whether it is evident from the facts that the waiver was done knowingly, intelligently, and voluntarily. *See United States v. Wilkes*, 20 F. 3d 651, 653 (5th Cir. 1994).

We hold that Davila's waiver effectively foreclosed his right to bring a § 2255 petition based on the claim of ineffective assistance of counsel. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

We have already adopted the logic of the *Wilkes* decision in *Watson* when we determined that a waiver in a plea agreement did not allow the defendant to bring a collateral attack under § 2255. *See Watson*, 165 F. 3d at 489.[3] The

---

[3]The Court stated in *Watson*:

> Having reviewed Abarca and Wilkes, we find the logic of these cases persuasive. Accordingly, we hold that a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief.

Citing to *United States v. Abarca*, 985 F. 2d 1012 (9th Cir 1993), and *United States v. Wilkes* 20 F. 3d 651 (5th Cir. 1994).

Court in *Wilkes* discussed the application of the waiver of appeal to claims of ineffective assistance of counsel and stated, "Such a waiver may not always apply to a collateral attack based upon ineffective assistance of counsel, but here the appropriateness of the waiver is beyond question." *Wilkes*, 20 F. 3d at 653. In *Wilkes* the Court held that the district court properly found that Wilkes understood the waiver of his rights and that he also "attested the he fully understood and voluntarily approved of his plea." *Id*. As in *Wilkes*, the conclusiveness of Davila's waiver of his right to bring a § 2255 petition is beyond question.

Davila contends that his counsel ineffectively assisted him when he: (1) failed to move for a downward departure; (2) when he failed to object to the use of the money laundering sentencing guideline; and (3) he did not argue for the use of the fraud sentencing guideline. We note that Davila is a lawyer and that he was not ignorant of the fact that he was waiving his appeal rights, except in two limited circumstances, when he pleaded guilty. The plea agreement specifically provided that:

10. The defendant, recognizing that in limited circumstances he could have the right to appeal the sentence imposed, hereby knowingly, voluntarily, and expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest his sentence in any post conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of a statutory maximum and, (b) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.