**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth Jay RHODES, Defendant–
Appellant.**

**No. 00–2327.**

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

Kenneth Jay Rhodes appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Rhodes pleaded guilty to a one-count indictment that charged him with distributing marijuana, a violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to eighteen months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Rhodes's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Rhodes was served with the brief and the motion. Rule 101(f), Sixth Circuit Supplemental Procedural Rules. He has filed *no* response.

The government moves this court to dismiss the appeal because Rhodes knowingly and voluntarily waived his right to appeal his sentence. In his *Anders* brief, defense counsel recognizes that Rhodes waived his right to appeal; counsel has not responded to the motion to dismiss the appeal.

■ We will grant the government's motion to dismiss the appeal. In *United States v. Fleming,* 239 F.3d 761, 765–66 (6th Cir.2001), we recently dismissed an appeal in which the defendant knowingly and voluntarily waived his right to appeal

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

his sentence. In the instant case, a review of the plea colloquy, the written plea agreement, and the sentencing transcript, reveals no ambiguity regarding the parties' intentions or understanding of the waiver provision. *See Fleming*, 239 F.3d at 764. Although the sentencing judge advised Rhodes that he retained a right to appeal, the judge also stated that Rhodes's appeal rights were limited by the waiver provision in the plea agreement. *Compare Fleming*, 239 F.3d at 763 (noting that the district court informed the defendant that he retained an unqualified right to appeal despite the waiver provision); *see also* Fed.R.Crim.P. 11(c)(6) (amended in 1999 to provide that a court must determine that the defendant understands "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence.").

We recognize that the dismissal of appeals is generally not favored by this court. Our relevant rule provides: "At any time after a notice of appeal is filed a party may file a motion to dismiss on the ground that the appeal is not within the jurisdiction of this Court. Motions to dismiss *ordinarily* may not be filed on grounds other than lack of jurisdiction." Rule 27(e)(1), Rules of the Sixth Circuit (emphasis added).

In *Fleming*, we implicitly held that the enforcement of an appeal-waiver provision is an exception to our general rule disfavoring the dismissal of appeals. Today, we expressly hold that a valid appeal-waiver provision presents an exception to Rule 27(e)(1).

For the foregoing reasons, Rhodes's appeal is dismissed, and counsel's motion to withdraw is denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.