**Howard Jay HIGBEE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 00–2125.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.*

Howard Jay Higbee, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Higbee pleaded guilty to two counts of interstate commerce depiction of minors involved in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1). The district court sentenced Higbee to forty-one months of imprisonment. Higbee did not take a direct appeal.

In his motion to vacate sentence, Higbee claimed that defense counsel rendered ineffective assistance by not perfecting an appeal from his judgment of conviction and sentence. This court granted Higbee a certificate of appealability on the following issues: 1) whether defense counsel rendered ineffective assistance; and 2) whether the district court erred by not conducting an evidentiary hearing with respect to Higbee's claim that counsel rendered ineffective assistance.

In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir.1996). This test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Roe v. Flores–Ortega,* 528 U.S. 470, 476, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Courts must judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct, *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, and judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689, 104 S.Ct. 2052.

To show that his attorney performed deficiently, Higbee would need to demonstrate either (1) that the attorney disregarded Higbee's instructions to file a notice of appeal, or (2) that the attorney failed to consult with Higbee about an appeal when he knew or should have known that Higbee might want to appeal. *See Roe,* 528 U.S. at 478, 120 S.Ct. 1029.

Upon review, we conclude that Higbee did not demonstrate either of the preceding elements. By Higbee's own admission, counsel consulted with him about an appeal before the expiration of the ten-day filing period, Higbee knew that counsel was not going to proceed with the appeal, and that he, should he wish to pursue the matter, would be proceeding pro se. If counsel has consulted with the defendant, counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. *Roe,* 528 U.S. at 478–79, 120 S.Ct. 1029. Higbee does not allege that he gave counsel any such instructions. Thus, counsel's performance

was not deficient, and he did not render ineffective assistance. The failure to show that counsel's performance was deficient is independently sufficient to defeat Higbee's claim. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

In addition, we conclude that the district court did not err by not conducting an evidentiary hearing. An evidentiary hearing need not be conducted on a § 2255 motion to vacate if the pleadings and record of the case conclusively show that petitioner is not entitled to relief. *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.1993). The pleadings and record of this case conclusively show that Higbee is not entitled to relief.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.