**Erick PAGANI–GALLEGO,**
**Petitioner–Appellant,**

**v.**

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 01–2115.

United States Court of Appeals,
Sixth Circuit.

Sept. 2, 2003.

Erik Pagani–Gallego, Ayer, MA, for Petitioner–Appellant.

Ronald W. Waterstreet, Asst. U.S. Attorney, Detroit, MI, for Respondent–Appellee.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

### ORDER

Erik Pagani–Gallego, a pro se federal prisoner, appeals a district court judgment dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Pagani–Gallego of conspiring to possess cocaine with intent to distribute it and aiding and abetting an attempt to possess cocaine with intent to distribute. On January 12, 1995, the district court sentenced him to two concurrent terms of 240 months in prison and ten years of supervised release. This court affirmed Pagani–Gallego's conviction and sentence on appeal. *United States v. Fontao,* Nos. 95–1084, 95–1086, 1996 WL 189306 (6th Cir. Apr. 18, 1996).

In his motion to vacate, Pagani–Gallego presented five principal grounds for relief: 1) trial counsel rendered ineffective assistance; 2) the pre-indictment delay of almost five years prejudiced the defense; 3) the trial court erroneously admitted the testimony of a particular agent as an expert witness; 4) the trial court erroneously denied his motion to dismiss; and 5) he was erroneously sentenced in violation of the Ex Post Facto Clause to a mandatory minimum sentence that was not in effect at the time his last overt act was committed. Pagani–Gallego also briefly addressed additional issues, e.g., prosecutorial misconduct, admission of testimony by a paid informant, admission of other bad acts testimony, and erroneous drug quantity used to determine his sentence.

The district court dismissed Pagani–Gallego's motion to vacate in an order filed on December 18, 1997. A separate judgment was filed the same day and entered on December 19, 1997. Pagani–Gallego's timely motion for reconsideration was summarily denied in an order entered on January 14, 1998. On October 30, 1998, this court granted a certificate of appealability as to the sole issue of whether Pagani–Gallego received ineffective assistance of counsel. None of the other issues were before the court.

On appeal, Pagani–Gallego continued to argue that he was denied the effective assistance of counsel. The district court had made no independent factual findings or conclusions in this case, merely citing the government's response in opposition to Pagani–Gallego's motion. But the government's response was silent on the ineffective assistance of counsel issue, so that issue was not addressed by the district court. Accordingly, this court vacated the district court's judgment as to the ineffective assistance of counsel issue only, and remanded the case so that the district court might consider in the first instance whether Pagani–Gallego's counsel rendered ineffective assistance. *Pagani–Gallego v. United States,* No. 98–1191, 1999 WL 313899 (6th Cir. May 3, 1999).

On remand, the four instances which Pagani–Gallego alleged to show that he received constitutionally ineffective assistance of counsel were: 1) the district court held that defense counsel was not experienced in the federal system; 2) counsel allowed testimony about sham cocaine rather than requiring the government to introduce photographs of the cocaine; 3) counsel did not contest the accuracy of the transcripts of the taped conversations; and 4) counsel precluded petitioner from testifying at trial. The district court again cited the government's response in opposition to Pagani–Gallego's motion, and with respect to considering the ineffective assistance of counsel claim in the first instance, the district court merely concluded that "[t]he Court is satisfied that petitioner's counsel at trial rendered effective assistance. The performance of counsel did not fall below the norm and there was no reasonable probability at trial, however well petitioner was represented, for an acquittal."

This court granted Pagani–Gallego a certificate of appealability with respect to his claim for the ineffective assistance of counsel.

In his pro se appellate brief, Pagani–Gallego arguably reasserts the four enumerated instances of counsel ineffectiveness and asserts that counsel was ineffective for failing to challenge venue, failing to raise double jeopardy as a defense, failing to challenge prosecutorial misconduct, and failing to question the timeliness of sentencing and the quantity of drugs to which he was held accountable. Pagani–Gallego also asserts for the first time on appeal that appellate counsel rendered ineffective assistance.

Unless exceptional circumstances are present, this court normally will not address issues not first raised in the district court. *Enertech Elec. Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances warrant consideration of Pagani–Gallego's newly asserted instances of counsel ineffectiveness.

■ Upon review, we conclude that Pagani–Gallego may not challenge the merits of the district court's judgment denying his § 2255 motion. The record reveals that this is an appeal from a denial of a Fed.R.Civ.P. 60(b) motion. Pagani–Gallego filed an untimely motion before the district court requesting it to reconsider his motion for an evidentiary hearing under Fed.R.Civ.P. 60(b). The district court denied the motion. This court reviews the district court's refusal to conduct an evidentiary hearing for abuse of discretion. *Browder v. Director, Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir.1996). We find no such abuse of discretion. In addition, an appeal from a judgment denying a Rule 60(b) motion does not bring up the underlying judgment for review. *Browder,* 434 U.S. at 263 n. 7. As Pagani–Gallego has failed to establish that the district court abused its discretion in denying his motion for reconsideration, he is barred from litigating the underlying judgment.

Even if we were to reach the issue, Pagani–Gallego's claim is meritless. In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). The court reviews Pagani–Gallego's ineffective assistance of counsel claim de novo and examines the district court's factual findings for

clear error. *Nagi v. United States,* 90 F.3d 130, 134 (6th Cir.1996).

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel's tactical decisions are particularly difficult to attack, *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996), and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. *Id.*

■ Counsel did not render ineffective assistance. Pagani–Gallego contends that counsel was ineffective because, in a sidebar conference at trial, the district court expressed a belief that counsel was inexperienced in the federal system. Pagani–Gallego's contention is meritless for two reasons. First, the comment made by the district court was not directed at Pagani–Gallego's attorney; rather, it was made in reference to a codefendant's attorney. Second, even if the comment had been made in reference to his attorney, Pagani–Gallego cannot show how he was prejudiced by counsel's purported inexperience. *See Strickland,* 466 U.S. at 687.

■ Pagani–Gallego next contends that his attorney was ineffective by allowing testimony about sham cocaine rather than requiring the government to introduce photographs of the sham cocaine. The record reveals that defense counsel adroitly used the government's failure to introduce a photograph or video tape of the sham cocaine to his best advantage during closing argument. Thus, Pagani–Gallego cannot overcome the presumption that the challenged action might be considered sound trial strategy. *See McQueen,* 99 F.3d at 1311.

The record belies Pagani–Gallego's contention that defense counsel did not contest the accuracy of the transcripts of Pagani–Gallego's taped conversations. Defense counsel objected to some of the Spanish to English translations contained in the transcripts. The final transcripts that were used by the jury were agreed upon by all the parties. Thus, counsel did not err.

■ Finally, Pagani–Gallego contends that his attorney precluded him from testifying at trial. "[A] criminal defendant has a fundamental constitutional right to testify on his own behalf." *Neuman v. Rivers,* 125 F.3d 315, 318 (6th Cir.1997) (quoting *Rock v. Arkansas,* 483 U.S. 44, 51–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). Unaccompanied by coercion, however, legal advice concerning exercise of the right to testify infringes no right. *United States v. Teague,* 953 F.2d 1525, 1534–35 (11th Cir. 1992) (en banc). Pagani–Gallego does not allege that he was unaware of his right to testify, that his attorney did not consult him about his decision whether or not to testify, or that his attorney intimidated him, threatened him, or otherwise interfered with his decision whether or not to testify. Rather, Pagani–Gallego merely asserts that counsel "refused to allow him to testify." This assertion does not constitute a substantial showing that his defense counsel forbade him to testify. *See Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir.1991). These allegations are insufficient to show that counsel's performance was in any way deficient.

Pagani–Gallego has also not shown that he was prejudiced by the alleged error. In order to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. Pagani–Gallego has not met the prejudice prong of *Strickland.* A reasonable juror could easily have discredited Pagani–Gallego's proposed testimony in light of the overwhelming evidence against him, his multiple confessions to law enforcement agents, and his taped conversations. Finally Pagani–Gallego has not provided sufficient information about what his testimony would have been. He merely suggests that he would have testified that he did not make a confession. Thus, Pagani–Gallego has failed to demonstrate how his proposed testimony might have changed the jury's decision.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C). Rules of the Sixth Circuit.