**Berman Ronald SKAGGS,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 02–6511.**

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Berman Ronald Skaggs, Ashland, KY, pro se.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Kevin C. Dicken, Asst. U.S. Attorney, John Patrick Grant, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Respondent–Appellee.

Before MARTIN and SUTTON, Circuit Judges; and QUIST, District Judge.*

## ORDER

Berman Ronald Skaggs, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Skaggs pleaded guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Skaggs to a total of 70 months in prison. Although Skaggs's plea was pursuant to a written agreement containing a waiver of his right to file a direct or collateral appeal, the district court nonetheless advised him that he had a right to appeal. Skaggs did not pursue a direct appeal.

In 2001, Skaggs filed the instant motion, asserting that: 1) his conviction must be vacated because the indictment failed to specify a drug amount as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) the

sentencing statute, 21 U.S.C. § 841, is unconstitutional in light of *Apprendi;* 3) the district court lacked subject matter jurisdiction to convict him because the indictment did not list the penalty provision, 21 U.S.C. § 841(b); 4) the government failed to prove that he had used the firearm "during and in relation to" the drug offense; and 5) trial counsel rendered ineffective assistance by failing to challenge an alleged illegal entry of his residence, by failing to challenge the indictment, and by failing to file a notice of appeal as requested. A magistrate judge recommended dismissing the motion, reasoning that Skaggs had waived his right to challenge his conviction on collateral review and alternatively that the claims lacked merit. Upon de novo review and over Skaggs's objections, the district court adopted the magistrate judge's report and dismissed the action. The district court thereafter issued a certificate of appealability "on all grounds."

In his timely appeal, Skaggs essentially reasserts his claims and argues that the district court committed procedural errors concerning assorted motions. The government argues that the appeal should be dismissed because of Skaggs's waiver of his appellate rights.

In our view, the appeal must be dismissed. In *United States v. Fleming*, 239 F.3d 761, 765–66 (6th Cir.2001), this court implicitly held that the enforcement of an appeal-waiver provision in the context of a direct appeal is an exception to the general rule disfavoring the dismissal of appeals. *See* Sixth Circuit Rule 27(e)(1). In *United States v. Rhodes*, 27 Fed.Appx. 265, 266 (6th Cir.2001), this court made the exception explicit.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

A valid collateral appeal-waiver provision, it follows, also presents an exception to Rule 27(e)(1). In *Watson v. United States*, 165 F.3d 486, 489 (6th Cir.1999), we held that "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." The *Watson* court, however, expressly declined to address the issue of whether a prisoner may waive collateral review of ineffective assistance of counsel claims. *Id.* at 489 n. 4. A later panel addressed this issue, and extended the *Watson* holding to claims of ineffective assistance of counsel. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir.2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bring[ing] a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."). Given our holdings in *Watson* and *Davila*, a valid collateral-appeal waiver bars a motion under § 2255.

In the instant case, the collateral appeal-waiver provision is valid. The plea agreement provided that:

16. The Defendant waives the statutory right to appeal the guilty plea and conviction. The Defendant also waives the statutory right to attack collaterally the guilty plea and conviction.

At the plea hearing, an Assistant United States Attorney summarized the plea agreement and stated that "[b]oth defendants waive their statutory right to file— or to appeal the plea and convictions, as well as their statutory right to collaterally attack the plea and conviction." Nothing in the record reveals any ambiguity regarding the parties' intentions or understandings of the waiver provisions.

The district court's standard-appeal advice to the defendant does not change matters. In *Fleming*, we held that a district court's reminder to the defendant of his right to appeal did not invalidate a plea agreement waiving that right. 239 F.3d at 764–65. Recognizing that the district court may not participate in plea agreement discussions, *see* Fed.R.Crim.P. 11(c)(1), the court held that "[a]n attempt to rewrite the plea agreement from the bench would fall squarely into the category of prohibited participation," *Fleming*, 239 F.3d at 765. The same holds true here, and Skaggs's collateral-appeal waiver remains effective.

Accordingly, Skaggs's appeal is dismissed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.