**Bryson ANDREW, Petitioner–
Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 03–5187.

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2004.

Rehearing Denied Sept. 3, 2004.

Mark Wettle, Louisville, KY, Bryson Andrew, Lexington, KY, for Petitioner–Appellant.

Candace G. Hill, Asst. U.S. Attorney, Terry M. Cushing, Asst. U.S. Attorney, Louisville, KY, for Respondent–Appellee.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

## ORDER

Bryson Andrew, a federal prisoner represented by counsel, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, a grand jury indicted Andrew on two counts of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a) (Counts 1 and 3), and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) (Count 2). On the day scheduled for trial, the parties tendered a signed plea agreement to the court, in which it was agreed that the government would move to dismiss Count 2, would not file a 21 U.S.C. § 851 notice, would recommend a sentence at the lowest end of the guideline range, and would not oppose a three-level reduction for acceptance of responsibility. In exchange, Andrew would plead guilty to both cocaine charges. However, Andrew changed his mind about Count 3 at the plea hearing and offered to plead nolo contendere instead. After further negotiation, the government agreed to move to dismiss Count 3 as well, and Andrew entered a guilty plea solely as to Count 1. His guideline range of imprisonment was calculated as 292 to 365 months, based on a total offense level of 35 and a criminal history category of VI. Over Andrew's objections, the district court adopted the presentence investigation report and sentenced Andrew to 292 months in prison. A panel of this court affirmed Andrew's conviction on direct appeal. *United States v. Andrew,* No. 98–6788, 2000 WL 923638 (6th Cir. June 29, 2000) (unpublished).

In 2000, Andrew filed the instant § 2255 motion, asserting, inter alia, that trial counsel had rendered ineffective assistance in various ways and that his conviction was in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). After an evidentiary hearing, the district court denied the motion. The district court then granted a certificate of appealability as to whether Andrew was denied the effective assistance of counsel when making the decision to enter a guilty plea and whether his conviction was in violation of *Apprendi.*

On appeal, defense counsel contends that Andrew's trial counsel rendered ineffective assistance with regard to the plea and also at sentencing. Andrew has filed a pro se supplemental brief in which he reasserts his *Apprendi* claim.

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

■ We deem the *Apprendi* claim to be abandoned. Andrew did not file his pro se supplemental brief until after the government had filed its brief. Thus, the pro se supplemental brief is in the nature of a reply brief. This court will not consider issues raised only in a reply brief because the appellee has no opportunity to respond. *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 545 (6th Cir. 2000); *see also Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996). Furthermore, the decision of counsel to forgo addressing an issue bars review of that issue, absent exceptional circumstances. *Wainwright v. Sykes*, 433 U.S. 72, 90 n. 14, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). No exceptional circumstances exist in this case.

We decline to consider counsel's argument that Andrew was denied effective assistance of counsel at sentencing as it was not among the issues certified by the district court. *See* 28 U.S.C. § 2253(c); *Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000).

In support of his ineffective assistance claim, counsel argues that Andrew would not have pleaded guilty if trial counsel had informed him that he would be held accountable at sentencing for the cocaine associated with Count 3. Allegedly, trial counsel congratulated Andrew upon the government's agreement to dismiss Count 3 and did not inform him that the cocaine from Count 3 would still be considered relevant conduct.

To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). Ineffective assistance of counsel claims are mixed questions of law and fact, which this court reviews de novo on appeal. *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1109, 157 L.Ed.2d 938 (2004). However, underlying determinations of fact by the district court are reviewed for clear error. *Strickland*, 466 U.S. at 698.

■ Upon review, we conclude that Andrew's claim of ineffective assistance with regard to his plea was properly dismissed for the reasons stated by the district court. First, Andrew had at least two prior convictions for felony drug offenses and was aware he would have faced a mandatory sentence of life imprisonment had he been convicted at trial. *See* 21 U.S.C. § 841(b). Thus, the government's agreement not to file a § 851 notice was highly favorable to Andrew.

Second, the evidence against Andrew was overwhelming. On November 12, 1997, police received information from a confidential informant that Andrew was selling large quantities of cocaine from his mother's house. Andrew was stopped by police a few days later. He had five ounces of cocaine and a handgun in his truck and $2,600 in cash and a baggie of crack cocaine on his person. A search of his own house led to the seizure of over $19,000 in cash, two handguns, ammunition, and drug paraphernalia. A search of his mother's home also led to the seizure of cash, powder cocaine, crack cocaine, and weapons. A second traffic stop on January 22, 1998, and search of his residence again led to the seizure of significant amounts of cash and drugs. Following both incidents, Andrew gave statements to police admitting that the drugs and money were his.

Third, Andrew's attorney, Frank Mascagni, testified at the evidentiary hearing that he had extensive contact with Andrew and his family during his representation. He met with Andrew's family 27 times, he met with Andrew at the jail 13 times, and he provided them with several possible guideline scenarios. He testified specifically that he advised Andrew as to the sentencing consequences under the Guidelines of dismissing Count 3. The district court acted within its discretion by concluding that the attorney's testimony at the evidentiary hearing was more credible than Andrew's testimony.

Accordingly, the district court's judgment is affirmed.