**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0056n.06
Filed: January 25, 2005

**Case No. 02-6280**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT I. JONES, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: MARTIN and BATCHELDER, Circuit Judges; O'MEARA,* District Judge.**

**ALICE M. BATCHELDER, Circuit Judge.** Robert I. Jones ["Jones"], a pro se federal

prisoner, appeals the district court's judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence. Because the record demonstrates that Jones knowingly, intelligently,

and voluntarily waived his right to bring a collateral attack, we affirm the judgment of the district

court.

Jones pled guilty in 2000 to conspiracy to distribute pain pills and marijuana in violation of

21 U.S.C. § 846. He was sentenced to 168 months of imprisonment and 3 years of supervised

release. In his written plea agreement, Jones waived his right to file a direct appeal and his right to

file a collateral attack on his sentence. Jones did not attempt to pursue a direct appeal.

---

*The Honorable John Corbett O'Meara, District Judge for the Eastern District of Michigan, sitting by designation.

Jones did, however, file a § 2255 motion, claiming that: 1) his guilty plea and waiver were not knowing, intelligent, and voluntary; 2) trial counsel rendered ineffective assistance; 3) his Fourth Amendment rights were violated by illegal searches and seizures; and 4) the government's pre-plea conduct was outrageous. A magistrate judge recommended that that the district court deny § 2255 relief and deny a certificate of appealability, reasoning that Jones had validly waived his appeal rights and that, in any event, his claims lacked merit. Upon de novo review and over Jones's objections, the district court adopted the portion of the magistrate judge's report concerning Jones's waiver, and declined to review the merits of the underlying claims. The district court dismissed the motion. We issued a certificate of appealability "on the sole issue of whether the record supports the ruling of the district court that Robert I. Jones knowingly waived the right to file a collateral attack on his conviction and sentence pursuant to the provisions of 28 U.S.C. § 2255."

Jones argues that he did not voluntarily waive his right to collaterally attack his conviction and sentence because he did not voluntarily plead guilty or enter into the plea agreement of which the waiver is a part, and that he was essentially proceeding without counsel because his counsel had been retained by Jones's daughter, a co-defendant in the case, and had a conflict of interest. Those claims are not included in the certificate of appealability and are not properly before us.

Jones also argues that his waiver was not knowing and voluntary because he did not understand what a collateral attack is and his counsel did not explain it to him. The government argues, somewhat obliquely, that Jones, having waived his right to bring a collateral attack, is barred from raising this claim. Although this circuit has held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable, *see Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), and that such a waiver bars a collateral attack

2

based upon ineffective assistance of counsel, *see Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), we have not squarely addressed the question of whether the waiver of the right to bring a 28 U.S.C. § 2255 motion is effective to bar such a motion when the movant's claim is that his counsel was ineffective in advising him with regard to the waiver itself. We think that this question is implicit in the issue certified for appeal in this case, namely, whether the record supports the district court's finding that Jones knowingly waived the right to bring this collateral attack.

We are satisfied that the record does support the district court's ruling that Jones knowingly and voluntarily waived his right to bring a collateral attack on his conviction and sentence. The court first ensured that Jones was competent to enter a plea. To accommodate Jones's hearing problems, the court used a microphone and permitted him to move closer. In response to the court's specific questioning, Jones mentioned his use of Valium and alcohol, but stated that it had not interfered with his ability to consult with his attorney and make decisions. Counsel confirmed that Jones was competent to plead. Next, the government summarized the plea agreement and stated that Jones had agreed to waive his "right to appeal or collaterally attack this conviction." When the court asked Jones if he understood that he was waiving his appeal rights, Jones's response apparently was viewed by the court as being equivocal, and the court stopped the hearing while counsel and Jones had, by Jones's own account, a 45-minute discussion off the record. Jones then acknowledged that he understood the provision in the plea agreement, and was giving up his right to appeal voluntarily. Finally, Jones stated that there were no agreements other than the plea agreement and that no one had forced him to plead guilty. We find no basis for Jones's claim that he did not understand or voluntarily agree to the waiver.

Accordingly, we **AFFIRM** the judgment of the district court dismissing the motion to vacate, set aside or correct his sentence.