HELENE N. WHITE, Circuit Judge,
dissenting.
I respectfully dissent. Although we may parse the terms, of Hardin’s appellate waiver to preclude this collateral attack, a reasonable defendant in Hardin’s position would not understand himself to be precluded from challenging counsel’s effectiveness with respect to the sentencing.[3] To hold otherwise ignores the underlying assumption of the plea agreement — that Hardin would forgo all rights to challenge a sentence of 120 months or less, and that he would preserve his rights to challenge a greater sentence. Although Hardin did waive his right to collaterally attack his conviction and sentence, he did so in the context of preserving his right to appeal a sentence in excess of 120 months.
Hardin clearly reserved his right to appeal his 240-month sentence. When he exercised that right and challenged his sentence on several bases, including that counsel was ineffective in representing him at sentencing, we declined to entertain that, aspect of his appeal and held that he was required to challenge counsel’s performance in a § 2255 proceeding. Having attempted to challenge counsel’s effectiveness at sentencing in his direct appeal, Hardin should not now be barred from pursuing the same claim in this collateral proceeding.
Further, it is unreasonable to conclude that Hardin understood that his right to challenge his 240-month sentence would depend on whether one reason for the sentence was that counsel performed ineffectively, or that he understood that if counsel did perform ineffectively resulting in a sentence greater than 120 months, his ability to challenge the sentence would depend on whether the facts underlying counsel’s deficient performance were apparent on the record as it would stand on direct appeal or whether it would require further factual development. Yet, that is the consequence of the majority’s application of the waiver to this proceeding.
Davila v. United States, 258 F.3d 448 (6th Cir.2001), is distinguishable. In that *464 case, Davila waived both his right to bring a motion under § 2255 and his right to appeal his conviction and sentence unless the sentence exceeded the statutory maximum penalty or the “guideline range deemed most applicable by the sentencing court.” Id. at 452. There was no reservation of the right to appeal a sentence in excess of an agreed-upon term. Had Hardin been sentenced to 120 months or less, Davila would apply and Hardin would be precluded from bringing this collateral challenge.
I express no opinion on the merits of Hardin’s ineffective assistance at sentencing claim. Indeed, it may be completely without merit, but Hardin did not waive his right to challenge his 240-month sentence on this basis. I would hold that the plea waiver does not preclude a § 2255 challenge to counsel’s effectiveness at sentencing to the extent that the alleged ineffective assistance resulted in a sentence in excess of 120 months and remand for further proceedings addressing the merits of Hardin’s challenge.

. The Justice Department recently issued a memorandum instructing prosecutors .to stop seeking waiver of ineffective assistance of counsel claims. "Federal Prosecutors should no longer seek in plea agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal.” Memorandum from U.S. Department of Justice, Office of the Deputy Attorney General on Department Policy on Waivers of Claims of Ineffective Assistance of Counsel I (Oct. 14, 2014) available at http://www.justice.gov/sites/ default/files/press-releases/attachments/2014/ 10/15/dept-policy-on-waivers-of-ineffective-assistance-of-counsel.pdf. in a sentence greater than 120 months, his ability to challenge the sentence would depend on whether the facts underlying counsel’s deficient performance were apparent on the record as it would stand on direct appeal or whether it would require further factual development. Yet, that is the consequence of the majority’s application of the wáiver to this proceeding.