<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name: 17a0302n.06

Case No. 16-5485

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| VON SKYLER COX, | ) | **FILED** |
| | ) | Jun 01, 2017 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | TENNESSEE |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: COOK, KETHLEDGE, and DONALD, Circuit Judges.

DONALD, Circuit Judge. Appellant Von Cox appeals his sentence of 180 months of imprisonment followed by five years of supervised release, pursuant to a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigative Report ("PSR") determined that Cox qualified for sentencing under the Armed Career Criminal Act ("ACCA"), 18 U.S.C § 924(e), based on three predicate convictions, including aggravated burglary convictions. Cox filed a motion to appeal under Federal Rule of Civil Procedure 59(e) challenging the use of his prior aggravated burglary convictions and citing *Johnson v. United States*, 135 S. Ct. 2551 (2015) which Cox argued rendered his prior aggravated burglary convictions invalid as predicate convictions under the ACCA. The district court disagreed and denied collateral relief, and later denied reconsideration

of that ruling, but granted a certificate of appealability as to the *Johnson*-based claims. Because Cox waived his right to appeal his conviction, we AFFIRM.

I.

Cox pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). **R. 14, Page ID # 28.** On February 20, 2014, the district court sentenced Cox to 180 months of imprisonment followed by a five year term of supervised release, pursuant to a guilty plea to one count of possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §922(g)(1). *Id*. **at Page ID #29;** *accord id*. **at Page ID #27.** The PSR determined that Cox qualified for sentencing under the ACCA based upon three predicate convictions: (1) Burglary II, (2) Aggravated Burglary, and (3) Evading Arrest. **PSR at ¶16, 34, 40, and 46.** Cox's applicable guideline range at the time of sentencing was 168 to 210 months, subject to a fifteen year mandatory minimum for an effective guideline range of 180 to 210 months. *Id*. **at ¶ 74.** Pursuant to the plea agreement, Cox "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," with the sole exception of § 2255 motions raising "claims of ineffective assistance of counsel or prosecutorial misconduct." **R. 14, Page ID #31.** Cox did not file a direct appeal of his sentence or conviction.

On August 23, 2015, Cox, moving *pro se*, filed a timely Motion to Vacate under 28 U.S.C. § 2255. **R. 23, Page ID #85-95.** In his Motion to Vacate, Cox argued that the Supreme Court's decision in *Johnson v. United States* rendered each of his prior convictions invalid as predicate convictions under the ACCA and, therefore, he is no longer subject to the ACCA's mandatory minimum sentence of fifteen years. *Id*. **at 88.** On February 10, 2016, the district court dismissed the Motion to Vacate with prejudice, explaining that several of Cox's

prior convictions still categorically qualified as violent felonies after *Johnson*. **R. 30, Page ID 3116-17.**

Subsequently, Cox filed a *pro se* Motion to Reconsider under Federal Rule of Civil Procedure 59(e). **R. 32, Page ID #119-23.** In the Motion to Reconsider, Cox argued that he never received a response from the government to his § 2255 Motion, that the use of his previously unidentified priors as predicates was improper, and reiterated that his prior felony evading arrest conviction could no long qualify as a predicate offense post-*Johnson*. **Id. at Page ID #119-20.** Cox then filed a timely notice of appeal to this Court while the Rule 59(e) Motion was pending in the district court. **R. 33, Page ID #124.** On June 1, 2016, this Court held the instant appeal in abeyance pending a ruling from the district court on the Rule 59(e) Motion.

Federal Defender Services of Eastern Tennessee later entered its appearance on Cox's behalf and filed a supplement to his Rule 59(e) Motion in the district court arguing that *Johnson*, together with the then-pending case in the Supreme Court, *Mathis v. United States*, 136 S. Ct. 2243 (2016), and this Court's pending *en banc* review in *United States v. Stitt*, 646 F. App'x 454 (6th Cir. 2016), warranted reconsideration of the district court's ruling with regard to the predicate aggravated burglary convictions. **R. 38, Page ID # 144-45.**

On September 28, 2016, the district court entered its order on Cox's Rule 59(e) motion, denying reconsideration of its earlier ruling denying collateral relief but granting a certificate of appealability as to the *Johnson*-based claim. **R. 39, Page ID #153-65.** Thereafter, this issue was ripe for appeal.

## II.

In considering a denial of a § 2255 motion, this Court reviews *de novo* legal questions, such as the determination of whether an offense is a violent felony under ACCA. *Braden v.*

*United States*, 817 F.3d 926, 929 (6th Cir. 2016). The denial of the § 2255 motion, however, may be affirmed "on any grounds supported by the record even if different from the reasons of the district court." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (citation omitted).

This Circuit has consistently held that plea-agreement waivers of § 2255 rights are generally enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). In this Circuit, "[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). To be valid, the waiver simply must have been entered into knowingly and voluntarily. *Davila*, 258 F.3d at 451.

Here, Cox entered into his plea agreement and expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence." **R. 14, Page ID #31.** Cox only retained the right to raise a collateral attack on "claims of ineffective assistance of counsel or prosecutorial misconduct." *Id*. Neither of those claims has been brought in the instant appeal. Nor does Cox contend that he unknowingly or involuntarily entered into the plea agreement.

Instead, Cox argues that he agreed to the § 2255 waiver prior to the Supreme Court's decisions in *Johnson* and *Mathis*, and that those decisions rendered his prior aggravated burglary convictions invalid as predicate convictions under the ACCA. However, this Court has consistently held § 2255 or appeal waivers with plain language that precludes *Johnson*- or *Mathis*-based claims are enforceable even if those waivers were entered into years before *Johnson* and *Mathis* were decided. *See United States v. Morrison*, 852 F.3d 488 (6th Cir. 2017) (finding that the pre-*Mathis* appeal waiver in defendant's plea agreement barred his *Mathis*-

4

based challenge to his career-offender classification); *In re Garner*, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive § 2255 petition raising a *Johnson*-based challenge to the analogous provision in the USSG because petitioner had waived his right to pursue such a § 2255 claim in his plea agreement); *see also Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). Although Cox may not have known at the time of his plea that the Supreme Court would change the law in the way it did in *Johnson*, he knew at the time of his plea that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and knowingly chose to waive his right to seek § 2255 relief except on the basis of ineffective assistance of counsel or prosecutorial misconduct. Therefore, Cox's waiver in his plea agreement is enforceable and bars Cox's § 2255 motion. This Court does not need to reach the merits of Cox's argument that the aggravated burglary convictions are no longer predicate convictions under ACCA because Cox waived his right to § 2255 relief.

For these reasons, we affirm.