<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>
File Name: 17a0592n.06

Case No. 16-6098

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

<table>
<tr><td>JASON CURTIS,</td><td>)</td><td rowspan="12"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Petitioner-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Respondent-Appellee.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Oct 26, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE: CLAY, COOK, and WHITE, Circuit Judges.

PER CURIAM. In 2012, Jason Curtis pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). As part of his plea agreement, Curtis waived the right "to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack" his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct.[1]

---

[1] The Plea Agreement also stated:

  1. b) The punishment for this offense is as follows. . . .

    If defendant is not determined to be an Armed Career Criminal, imprisonment for up to ten (10) years; fine of up to $250,000; supervised release for up to three (3) years; any lawful restitution; and a $100 special assessment.

    If defendant is determined to be an Armed Career Criminal, a term of imprisonment of not less than fifteen (15) years and up to life; fine of up to $250,000; supervised release for up to five (5) years; any lawful restitution; and a $100 special assessment.

  . . . .

  6. The parties agree that the appropriate disposition of this case would be the following as to each count:

Based on two prior Tennessee burglary convictions and two prior Tennessee aggravated-burglary convictions, the district court determined Curtis to be an armed career criminal subject to the Armed Career Criminal Act's ("ACCA") 15-year mandatory minimum, then sentenced him to 188 months of incarceration and five years of supervised release. Curtis did not appeal.

In 2015, after the United States Supreme Court invalidated the residual clause in the ACCA's definition of "violent felony" in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Curtis moved under § 2255 to vacate, set aside, or correct his sentence. The government opposed the motion, arguing that it was meritless and barred by the collateral-attack waiver in Curtis's plea agreement. Expressly declining to reach the waiver argument, the district court denied Curtis's § 2255 motion on the merits, reasoning that all four of the convictions used to support his ACCA enhancement qualified as predicate offenses.[2] Since then, however, this court

---

   a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s).

[2] The district court explained:

   The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct," it is far from clear that this waiver can be enforced to bar him from challenging a sentence in excess of the maximum authorized by law. *See e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at *37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where "the sentence imposed exceed[s] the statutory maximum permissible"). The Court

sitting en banc decided that convictions under Tennessee's aggravated-burglary statute, Tenn. Code Ann. § 39-14-403, do not qualify as violent felonies under the ACCA. *United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017) (en banc).

The parties have neither briefed *Stitt* nor filed a notice of supplemental authority acknowledging the pertinent change *Stitt* wrought—eliminating Curtis's two prior aggravated-burglary convictions from serving as ACCA predicates.

The government renews its waiver argument on appeal, and Curtis argues both that his 188-month sentence is illegal and that the district court should decide the waiver issue in the first instance. Because Curtis's 188-month sentence exceeds the statutory maximum without the ACCA enhancement, *see United States v. Caruthers*, 458 F.3d 459, 471–72 (6th Cir. 2006), we remand his § 2255 motion to the district court for reconsideration in light of *Stitt*.

---

finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the laws of the United States.

*Curtis v. United States*, Nos. 1:15-CV-283-HSM, 1:12-CR-41-HSM-WBC-1, 2016 WL 3014669, at *2 n.1 (E.D. Tenn. May 24, 2016) (record citations omitted).