RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0135p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

LARRY M. SLUSSER,

                 *Petitioner-Appellant*,

    *v.*

UNITED STATES OF AMERICA,

                 *Respondent-Appellee*.

> No. 17-5070

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
Nos. 3:11-cr-00078-1; 3:16-cv-00531—Thomas A. Varlan, Chief District Judge.

Argued: June 6, 2018

Decided and Filed: July 10, 2018

Before: COOK and DONALD, Circuit Judges; HALE, District Judge.[*]

───────────────

## COUNSEL

**ARGUED:** Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee. **ON BRIEF:** Jennifer Niles Coffin, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant. Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

───────────────

[*]The Honorable David J. Hale, United States District Judge for the Western District of Kentucky, sitting by designation.

———————————

**OPINION**

———————————

BERNICE BOUIE DONALD, Circuit Judge. Larry Slusser appeals the district court's dismissal of his second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Slusser challenges his designation as an armed career criminal. We granted a certificate of appealability ("COA") to consider one issue: whether Slusser's 1999 Tennessee conviction for Class C aggravated assault no longer qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA"). Slusser, however, waived his right to challenge his designation as an armed career criminal through a § 2255 motion as part of his negotiated plea agreement. Therefore, we **AFFIRM**.

**I.**

Slusser pleaded guilty in 2011 to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). As part of his plea agreement, Slusser waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction[] and/or resulting sentence," except challenges involving ineffective assistance of counsel or prosecutorial misconduct. The district court determined that he had at least three prior convictions for violent felonies or serious drug offenses and sentenced him to a mandatory sentence of 180 months under the ACCA. The district court pointed to three prior convictions as qualifying ACCA predicates: a 1994 burglary; 2011 delivery of cocaine; and 1999 aggravated assault and burglary.[1] Slusser did not appeal his conviction or sentence.

In 2012, Slusser filed an initial § 2255 motion, arguing that he received ineffective assistance of counsel and that the prosecutor engaged in misconduct. The district court denied the motion, and we declined to issue a certificate of appealability. *Slusser v. United States*, No. 15-6241 (6th Cir. June 20, 2016) (order), *cert. denied*, 137 S. Ct. 1216 (2017). Slusser filed an application in this Court in 2016 for authorization to file a second or successive § 2255 motion,

———————————

[1]Slusser had several other prior convictions that the district court did not cite to when concluding that he was an armed career criminal.

claiming that he was entitled to relief after the Supreme Court invalidated the residual clause of the ACCA in *Johnson v. United States*, 135 S. Ct. 2251 (2015). We granted Slusser's motion and authorized the district court to consider his § 2255 motion, finding that Slusser established a *prima facie* showing that he may be entitled to relief under *Johnson*. *Slusser v. United States*, No. 16-5671 (6th Cir. Aug. 18, 2016) (order). The district court denied his motion and certified that an appeal would not be taken in good faith.

On appeal, Slusser continues to contend that his prior convictions no longer qualify as ACCA-predicate offenses after *Johnson*. We granted a COA to consider his challenge as to whether his 1999 Tennessee conviction for Class C aggravated assault is a violent felony post-*Johnson*.

## II.

This Court applies de novo review to the question of whether a defendant waives his right to collaterally attack his sentence. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). We also review de novo a district court's legal determination as to whether a predicate conviction is a "violent felony" under the ACCA. *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015)). "The denial of the § 2255 motion . . . may be affirmed 'on any grounds supported by the record even if different from the reasons of the district court.'" *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (quoting *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002)), *cert denied*, 138 S. Ct. 1282 (2018).

The government first argues that this Court cannot answer the ultimate question of whether Slusser's prior aggravated assault conviction qualifies as a violent felony because Slusser waived his right to challenge his sentence through a § 2255 motion as part of his plea agreement. Slusser makes no argument that undermines whether his plea agreement was knowing and voluntary but instead argues that he did not waive his right to challenge a sentence that is in excess of the statutory maximum.

It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Slusser contends that an exception

to the enforcement of such waivers exists when the challenge is to a sentence that exceeds the statutory maximum.  Slusser cites to *United States v. Caruthers*, where this Court noted in *dicta* that "an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded."  458 F.3d 459, 472 (6th Cir. 2006), *abrogated on other grounds by Cradler v. United States*, 891 F.3d 659 (6th Cir. 2018); *see also Watson*, 165 F.3d at 489 (noting that there is no "principled means of distinguishing" between a collateral attack and a waiver of a defendant's right to appeal).  Yet, Slusser fails to distinguish the posture of his challenge with our previous holdings that a *Johnson*-based collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of "any right, even a constitutional right, by means of a plea agreement."  *Cox*, 695 F. App'x at 853; *accord United States v. Morrison*, 852 F.3d 488, 490-91 (6th Cir. 2017) ("[A]fter the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)).

The indication in *Caruthers* that appellate waiver does not preclude a collateral attack on an above-statutory-maximum sentence was *dicta*, not the holding of the Court.  We generally treat *dicta* as non-binding.  *See Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 737-38 (2007).  The other cases cited by Slusser, including *Curtis v. United States*, 699 F. App'x 546, 547 (6th Cir. 2017) and *United States v. Page*, 662 F. App'x 337, 339 (6th Cir. 2016), are distinguishable.  The panel in *Curtis* left the question of waiver for the district court to determine.  699 F. App'x at 547.  In *Page*, the panel considered a challenge to whether the defendant's plea was knowing and voluntary.  662 F. App'x at 339-40.  Our decision in *Cox* to enforce a substantially identical waiver under similar circumstances is instructive.  695 F. App'x at 853-54.

A voluntary plea agreement "allocates risk," and "[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." *Morrison*, 852 F.3d at 490 (quoting *United States v. Morgan*, 406 F.3d 135, 137 (2d Cir. 2005)). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse."  *Id.* (citing *United States v. Bradley*, 400 F.3d 459, 464 (6th Cir. 2005)).  Slusser waived his right to collaterally attack his sentence, including his designation as

an armed career criminal. The subsequent developments in this area of the law "do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Bradley*, 400 F.3d at 463. We, therefore, enforce Slusser's waiver and need not reach the merits of his challenge.

## III.

Slusser does not challenge that his plea agreement, including his waiver of his right to collaterally attack his conviction under § 2255, was entered into knowingly and voluntarily. While this Court has noted in *dicta* that a waiver may be unenforceable for challenges to sentences over the statutory maximum, several panels of this Court have held otherwise. Because Slusser waived his right to present a challenge to his sentence, the panel need not reach the merits of whether Slusser's prior 1999 Tennessee aggravated assault conviction qualifies as a violent felony. We affirm.