RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0199p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

RICHARD L. VOWELL,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

No. 17-5405

───────────────

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
Nos. 3:16-cv-00543; 3:99-cr-00041-1—Thomas A. Varlan, Jr., District Judge.

Decided and Filed:  July 12, 2019[*]

Before:  CLAY, MOORE, and DONALD, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Laura E. Davis, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Knoxville, Tennessee, for Appellant.  Luke A. McLaurin, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

───────────────

[*]This decision was originally filed as an unpublished opinion on July 12, 2019.  The court has now designated the opinion for publication.

———————————

**OPINION**

———————————

KAREN NELSON MOORE, Circuit Judge.  Richard Vowell appeals the district court's denial of his petition for collateral relief under 28 U.S.C. § 2255, asserting that he is not an armed career criminal under 18 U.S.C. § 924(e).  Although we conclude that Vowell's appellate waiver does not preclude Vowell from bringing his § 2255 petition, we **AFFIRM** the district court's judgment because Vowell was properly designated as an armed career criminal under the Armed Career Criminal Act ("ACCA").

## I.  BACKGROUND

In 1999, Vowell pleaded guilty to a single-count indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  R. 55-1 (Plea Agreement at 1) (Page ID #113).  Pursuant to his plea agreement, Vowell agreed that his prior criminal history qualified for a sentence enhancement under 18 U.S.C. § 924(e) of the ACCA.  *Id.* at 2 (Page ID #114).  Additionally, Vowell waived his right to file a motion under § 2255 with the following exceptions: (1) claims asserting ineffective assistance of counsel; (2) claims asserting prosecutorial misconduct; and (3) claims asserting "that an applicable change in the case law renders the defendant's conduct, as agreed to in the factual basis, not a violation of federal law." *Id.* at 4 (Page ID #116).

Vowell's presentence investigation report ("PSR") identified various criminal convictions: a 1979 conviction for Tennessee second-degree burglary (PSR at ¶ 24) (Page #5); a 1980 conviction for Tennessee armed robbery (*id.* at ¶ 25) (Page #5); a 1998 conviction for Tennessee aggravated burglary (*id.* at ¶ 33) (Page #7); and a 1983 conviction for Georgia burglary (*id.* at ¶ 29) (Page #6).  The district court determined that Vowell qualified as a career offender under the ACCA and sentenced him to 180 months of imprisonment and five years of

supervised release.  R. 42 (Minute Entry).**[1]**  Vowell did not file a direct appeal of his conviction or sentence.**[2]**

On September 7, 2016, Vowell filed a § 2255 motion to set aside his sentence, asserting that his 1983 conviction for Georgia burglary did not constitute a predicate offense because it was broader than generic burglary and "portions of Georgia's burglary statute could only have qualified as a violent felony under the ACCA's now-void residual clause," per *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).  R. 46 (Mot. to Vacate at 5–6) (Page ID #7–8).**[3]**  In response, the government asserted that Vowell's petition was untimely, as it had been filed nearly seventeen years after his conviction became final and more than a year after *Johnson* was filed.  R. 49 (Gov't Response at 3–7) (Page ID #35–39).  Additionally, the government argued Vowell's petition was barred by the § 2255 waiver in his plea agreement.  *Id.* at 7–9 (Page ID #39–41).  Finally, the government asserted that *Johnson* was inapplicable, as Vowell's predicate offenses were not based on the unconstitutional residual clause and, moreover, his conviction for Georgia burglary was a conviction for generic burglary under the ACCA.  *Id.* at 9–17 (Page ID #41–49).

---

**[1]**Because Vowell was sentenced in 1999, electronic records are not attached to the district court's docket and it is unclear, precisely, which three convictions the district court considered predicate offenses.  *See* R. 46 (Mot. Vacate at 4–5) (Page ID #6–7) (explaining that a transcript and recording of the sentencing could not be located). And although Vowell asserted in his motion to vacate that his conviction for Georgia burglary was listed as a predicate offense in his PSR, he also stated, "[t]his burglary conviction was not cited as an ACCA predicate."  *Id.* at 1, 5 (Page ID #3, 7).  On appeal, both parties consistently state that (1) the sentencing court determined Vowell's Georgia burglary conviction constituted a predicate offense; (2) the sentencing court relied upon his Georgia burglary conviction in sentencing Vowell; and (3) Vowell was sentenced to 180 months pursuant to the ACCA.  *See* Appellee Brief at 4; Appellant Brief at 4; *see also* PSR at ¶ 17 (Page #4) (explaining that Vowell was convicted of "[b]urglary" on December 8, 1983 and noting that the career offender sentencing guidelines applied to Vowell); *id.* at ¶ 29 (Page #6) (indicating that Vowell was arrested for Georgia burglary on October 28, 1983).  Consequently, we will examine Vowell's appeal in terms of the four predicate offenses listed above.

**[2]**Vowell is currently serving a state-court sentence and has not yet begun serving his 180-month federal sentence.

**[3]**Vowell also asserted that (1) pursuant to *Mathis* and *Descamps v. United States*, 133 S. Ct. 2276 (2013), Vowell's 1998 conviction for Tennessee aggravated burglary no longer constituted a predicate offense; and (2) to the extent the sentencing court relied upon Vowell's previous conviction for Georgia escape, such a conviction was not a predicate offense under the ACCA.  R. 46 at 6–13 (Page ID #8–15).  Vowell does not raise either argument on appeal.

On January 30, 2017, the district court dismissed Vowell's petition with prejudice. R. 51 (Page ID #95). Without reaching the Government's timeliness or waiver arguments, the court determined that Georgia's burglary statute was divisible and that because Vowell was convicted of burglarizing a "dwelling house," Vowell had been correctly designated as a career offender. *Id.* at 9 (Page ID #103). This timely appeal followed. R. 53 (Notice of Appeal) (Page ID #107); Fed. R. App. P. 4(a)(1)(B). On October 26, 2017, we granted Vowell a certificate of appealability on the issue of whether he was properly sentenced under the ACCA. *Vowell v. United States*, No. 17-5405 (6th Cir. Oct. 26, 2017) (order); *see also* 28 U.S.C. § 2253(c).

## II. DISCUSSION

We review de novo the issue of whether a prior conviction qualifies as a predicate offense under the ACCA. *Richardson v. United States*, 890 F.3d 616, 619 (6th Cir.), *cert. denied*, 139 S. Ct. 349 (2018). We may affirm the district court's judgment on any grounds supported by the record. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000) (en banc).

### A. Predicate Offenses Following *United States v. Stitt*

As an initial matter, since Vowell filed his appeal, the Supreme Court has held that the "habitation" definition included in Tennessee's aggravated burglary statute (one of Vowell's four predicate offenses identified by the parties and the PSR) is consistent with generic burglary under the ACCA. *United States v. Stitt*, 139 S. Ct. 399, 407–08 (2018), *reversing United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc). Additionally, in Vowell's motion to vacate, Vowell conceded that both his 1979 conviction for Tennessee second-degree burglary and his 1980 conviction for Tennessee armed robbery constituted violent felonies under the ACCA. R. 46 (Mot. to Vacate at 3) (Page ID #5). According to the government, the Supreme Court's decision in *Stitt* therefore forecloses Vowell's appeal, since he now has three applicable predicate offenses: the 1979 Tennessee second-degree burglary conviction; the 1980 Tennessee conviction for armed robbery; and the 1998 Tennessee conviction for aggravated burglary. *See* Appellee Brief at 7–8 n.4 ("Were *Stitt* overruled by the Supreme Court, Vowell's Tennessee aggravated burglary conviction would be another qualifying ACCA predicate.").

Although the government's interpretation of *Stitt* appears to be overbroad,[4] a review of the record shows that the government has either ignored or forgotten its own briefing before the district court. In Vowell's § 2255 motion, Vowell asserted that his 1998 Tennessee conviction for aggravated burglary could not be used as a predicate offense because Vowell "had not been convicted of the aggravated burglary at the time he committed his federal offense." R. 46 at 4 (citing 18 U.S.C. § 924(e)(1)). Specifically, Vowell committed his underlying federal offense of being a felon in possession of a firearm on July 28, 1997. *See id.*; PSR at ¶ 4 (Page #3). Vowell did not commit the aggravated burglary in Tennessee until October 29, 1997, however, and he was not convicted of the crime until November 24, 1998. PSR at ¶ 33 (Page #7). In response to Vowell's § 2255 motion, the Government *expressly agreed* that for purposes of the ACCA, Vowell's 1998 conviction was not a predicate offense. *See* R. 49 (Gov't Response at 11 n.5) (Page ID #43) ("The United States agrees with petitioner that his 1998 Tennessee aggravated burglary conviction does not count as an ACCA predicate because that offense is not a *prior* conviction; petitioner committed that offense and was sentenced for it after he unlawfully possessed the firearm in this case."). Consequently, to resolve Vowell's appeal, we must still determine whether: (1) Vowell has waived his right to file a § 2255 motion pursuant to his plea agreement, and (2) Vowell's 1983 conviction for Georgia burglary constitutes a predicate offense under the ACCA.

**B.  Vowell's § 2255 Waiver**

On appeal, the government asserts that, pursuant to the knowing and voluntary § 2255 waiver Vowell signed in his plea agreement, Vowell has waived his right to challenge collaterally his sentence and conviction under § 2255. *See* Appellee Brief at 13–16; R. 55-1 (Plea Agreement at 4) (Page ID #116).[5] In support of this argument, the government points to this court's recent decision in *Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018), *cert. denied,*

---

[4]After all, the Supreme Court examined only the "relevant language" of Tennessee's definition of "habitation" and did not consider whether other aspects of Tennessee's aggravated burglary statute were overbroad. *See Stitt*, 139 S. Ct. at 406.

[5]The government also contends that Vowell's motion was untimely because it was filed more than a year after *Johnson* was decided. Appellee Brief at 8–12. Because we ultimately conclude that Vowell was correctly sentenced as a career offender, we need not reach this issue.

139 S. Ct. 1291 (2019), in which we concluded that a defendant's § 2255 waiver precluded the petitioner's *Johnson* challenge to his ACCA designation. Appellee Brief at 14–16. This holding was in conflict with this court's previous opinion in *United States v. Caruthers*, 458 F.3d 459, 472 (6th Cir.), *cert. denied*, 549 U.S. 1088 (2006), which concluded that "an appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded." In order to resolve this conflict, the panel in *Slusser* determined that *Caruthers*'s waiver statement was dicta, because the *Caruthers* court ultimately affirmed the defendant's conviction and sentence on the merits. *Slusser*, 895 F.3d at 439–40. Upon careful review, we do not believe that the conclusion in *Caruthers* may be swept aside so easily.

In *Caruthers*, we considered the defendant's argument on direct appeal that his designation as a career offender under the ACCA was erroneous and, therefore, his sentence exceeded the otherwise applicable statutory maximum of ten years for his conviction under 18 U.S.C. § 924(e). *Caruthers*, 458 F.3d at 464. As part of Caruthers's plea agreement, Caruthers waived "the right to appeal any sentence within the maximum provided in the offense level as determined by the Court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever." *Id.* at 470. Although we concluded that Caruthers's argument on appeal clearly fell within his appellate waiver, *id.* at 470–71, and Caruthers conceded that he had entered into his agreement knowingly and voluntarily, *id.* at 470 n.3, we nonetheless explained that, consistent with the decisions of other Circuit courts, Caruthers's appellate waiver could be unenforceable to the extent his sentence exceeded the statutory maximum authorized by law. *Id.* at 471–72. In applying this rule to Caruthers's case, however, we noted that it was unclear whether Caruthers's claim—that his ACCA designation rendered his sentence of 180 months in excess of the non-ACCA maximum of ten years—fell within the previously discussed exception. *Id.* at 472. Ultimately, we concluded that it was unnecessary to determine "whether Caruthers's appeal qualifies as a challenge on the grounds that his sentence exceeds the statutory maximum," because Caruthers's ACCA claim failed on the merits. *Id.* Thus, "we assume[d] for present purposes that Caruthers's appellate waiver [wa]s unenforceable." *Id.* In other words, *Caruthers* determined that an individual retains the right to challenge a sentence on the ground that it exceeds the statutory maximum penalty, but it

did not answer the separate question of whether a claim that an ACCA enhancement has been improperly applied qualifies as a claim that the sentence exceeds the statutory maximum.

Following our decision in *Caruthers*, this court has restated the rule established in *Caruthers* in the general context of appellate and collateral waivers and has cited *Caruthers* for the broader proposition that, despite knowingly and voluntarily waiving the right to appeal, a defendant may nonetheless assert that his sentence was above the statutory maximum. *See, e.g.*, *United States v. Freeman*, 640 F.3d 180, 193–94 (6th Cir. 2011) (explaining that although the defendant did not argue that his plea agreement was unknowing or involuntary and the defendant reserved the right to appeal a sentence above the statutory maximum, "even where a defendant does not reserve the right to appeal a sentence that exceeds the statutory maximum, 'an appellate waiver may not bar an appeal asserting that the sentence exceeds the statutory maximum'" (quoting *Caruthers*, 458 F.3d at 471–72)); *In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007) (citing the rule established in *Caruthers* and noting that, in the context of the defendant's second § 2255 motion, although voluntariness and ineffective assistance of counsel may invalidate a plea agreement and appellate waiver, "our focus on [those bases] is not intended to suggest that they constitute an exclusive list").[6]

Additionally, subsequent unpublished opinions in this Circuit have correctly distinguished between the rule established in *Caruthers*—that an appellate waiver does not prohibit a defendant from appealing a sentence in excess of the statutory maximum—and the issue left unresolved by *Caruthers*—whether an ACCA designation can properly be characterized as being in excess of the statutory maximum. *See United States v. Amos*, 604 F. App'x 418, 422 (6th Cir.), *cert. denied*, 136 S. Ct. 114 (2015) ("[W]e have held that appeal waivers do not bar defendants from appealing a sentence above the statutory maximum for the underlying offense. However, we have yet to settle whether a district court's error in

---

[6]These cases are consistent with how other Circuit courts have articulated the rule discussed in *Caruthers*. *See, e.g.*, *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004) (en banc) (noting that although the defendant had knowingly and voluntarily entered into the plea agreement, the court could nonetheless refuse to enforce the agreement if, for instance, the defendant asserted a statutorily impermissible sentence); *United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir.) (en banc), *cert. denied*, 540 U.S. 997 (2003); *United States v. Phillips*, 174 F.3d 1074, 1076 (9th Cir. 1999) (concluding that even if the plea agreement had been entered into knowingly and voluntarily, if the restitution order was nonetheless in excess of the statutory maximum in violation of the VWPA, and therefore illegal, the defendant would be permitted to appeal that decision).

determining a defendant to be an armed career criminal results in a supramaximal sentence, thereby barring an appeal waiver."); *United States v. Stark*, 307 F. App'x 935, 938 (6th Cir. 2009) (explaining that it remains unclear "whether a defendant waives his right to appeal a district court's application of the ACCA by entering into a waiver of appellate rights").

The *Slusser* court, however, concluded that a criminal defendant's knowing and voluntary appellate waiver prohibited him from asserting a § 2255 claim that, under *Johnson v. United States*, he was no longer a career offender and, therefore, his sentence exceeded the statutory maximum for his crime. *Slusser*, 895 F.3d at 439–40. *Slusser*'s conclusion was premised, however, on the misunderstanding that *Caruthers*'s appellate waiver statement was dicta, and therefore not binding. But the important distinction between the general rule stated in *Caruthers* (an appellate waiver may not preclude a claim that a sentence is in excess of the statutory maximum) and the actual applicability to Caruthers's case (whether an inaccurate ACCA designation creates a statutorily excessive sentence) demonstrates why the waiver statement in *Caruthers* was not dicta. When the court in *Caruthers* "assumed" that Caruthers's appellate waiver was unenforceable against him, it was assuming that Caruthers's particular claim (that he had been incorrectly designated as a career offender) actually fell within the broader anti-waiver rule the court had just endorsed. Had the general rule not been true or a definitive holding, this assumption would not have permitted the court to consider the merits of Caruthers's ACCA claim, as Caruthers's waiver would have been enforceable regardless of whether the court "assumed" that an improper ACCA designation rendered his sentence excessive. Put differently, if the rule in *Caruthers* were not true (i.e., if appellate waivers *were* enforceable despite a statutorily excessive sentence), it would not matter whether Caruthers's ACCA claim could "accurately be called a challenge of his sentence on the grounds that it exceeds the statutory maximum." *Caruthers*, 458 F.3d at 472. Because our waiver determination was central to our ultimate conclusion, and based on subsequent cases endorsing the *Caruthers* rule, we conclude that *Caruthers*'s general appellate waiver rule is not dictum. *See Richmond Health Facilities–Kenwood, LP v. Nichols*, 811 F.3d 192, 201 n.8 (6th Cir. 2016) (quoting Black's Law Dictionary (10th ed. 2014) and explaining that dictum is "[a] judicial comment made while delivering a judicial opinion, but one that is *unnecessary* to the decision in the case and therefore not precedential" (emphasis added)). Consequently, under the still-

applicable and binding rule endorsed in *Caruthers*, defendants should continue to be able to challenge statutorily excessive sentences, regardless of their appellate waivers.

Moreover, none of the cases upon which *Slusser* relied support a conclusion that the rule in *Caruthers* is incorrect, even if the petitioner's claim is brought under § 2255 and is premised on a subsequent change in the law.  True, a defendant may waive his constitutional or statutory rights, including his right to appeal and to attack his sentence collaterally, if the waiver is entered into "knowingly and voluntarily."  *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir.), *cert. denied*, 546 U.S. 862 (2005).  And a subsequent change in the law does not render an appellate waiver unknowing or involuntary, even if the defendant or petitioner would not have agreed to the waiver had he known about the subsequent change.  *Id.*  Consequently, the government argues that, because Vowell entered into his waiver knowingly and voluntarily, he cannot now point to *Johnson* as a basis for invalidating his waiver and bringing a § 2255 motion.  Appellee Brief at 15; *see also Brady v. United States*, 397 U.S. 742, 757 (1970) (determining that changes in the law do not render an appellate waiver invalid); *Slusser*, 895 F.3d at 438 (concluding that a § 2255 petitioner could not use *Johnson* to argue that his previous sentence was above the statutory maximum).  However, this reasoning conflates two distinct issues.

In *Brady*, *Bradley*, and *United States v. Morrison*, 852 F.3d 488 (6th Cir. 2017), upon which the government also relies, the Supreme Court and this court concluded that subsequent changes in the law did not render an otherwise valid waiver unknowing or involuntary.  *See Brady*, 397 U.S. at 757; *Morrison*, 852 F.3d at 490–91; *Bradley*, 400 F.3d at 463.  None of these cases, however, concluded that a defendant would be prohibited from pointing to a change in the law that renders his sentence in excess of the length authorized by statute, and, therefore, illegal.  And as noted above, a claim that a sentence is statutorily excessive as a basis for invalidating a waiver is separate and distinct from a claim that the waiver was agreed to unknowingly or involuntarily; both may form a basis for finding a waiver unenforceable.  *See In re Acosta*, 480 F.3d at 422 n.2.  Similarly, although we have previously held that a defendant's § 2255 waiver is enforceable if his waiver was knowing and voluntary, *see Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), the *Watson* petitioner's claims were not based on a subsequent change in the law that rendered his sentence statutorily excessive, *id.* at 488; *cf. Andis*, 333 F.3d at 887 n.2 &

891–92 (concluding that a defendant's waiver could be unenforceable if it was "illegal," i.e., "in excess of a statutory provision," and that the waiver exception would likely apply to both § 2255 motions and direct appeals (internal quotation marks omitted)); *United States v. Cockerham*, 237 F.3d 1179, 1182–83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002) (determining that the same waiver exceptions apply to direct appeals and § 2255 motions, including the claim that the sentence exceeds the statutory maximum). Thus, to the extent cases such as *Brady, Bradley*, and *Morrison* limit a defendant or petitioner's ability to use subsequent changes in the law to invalidate his appellate waiver, they logically extend only to situations in which the defendant or petitioner utilizes those later decisions to argue that his waiver was involuntary or unknowing. They say nothing of whether an appellate waiver encapsulates a subsequent change of the law which would otherwise render a defendant or petitioner's sentence statutorily excessive, i.e., *illegal*.[7] Pursuant to *Caruthers*, therefore, we hold that a defendant or petitioner may challenge his sentence as being statutorily excessive based on a subsequent change in the law, even if the waiver was otherwise knowing and voluntary.

As applied to Vowell's appeal, this court has not yet determined whether a petitioner's allegedly incorrect designation as a career offender under the ACCA renders his sentence in excess of the statutory maximum. *See Amos*, 604 F. App'x at 422. However, the applicable sentencing statutes clearly establish this. Had Vowell not been designated as a career offender under the ACCA, Vowell would have been subjected to a maximum sentence of ten years of imprisonment. *See* 18 U.S.C. § 924(a)(2). An ACCA sentence of fifteen years of imprisonment is, therefore, necessarily in "excess" of that statutory maximum. *Id.* at § 924(e). Consequently, Vowell's appellate waiver does not prohibit him from raising his claims under § 2255. However, as explained in further detail below, because Vowell was correctly sentenced as a career offender under the ACCA, we affirm the district court's denial of Vowell's § 2255 motion.

---

[7]For similar reasons, this court's recent decision in *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017), is not persuasive. The court in *Cox* did not examine *Caruthers* and instead relied on cases which discuss only whether subsequent changes in the law may render an otherwise valid plea agreement unknowing or involuntary.

**C. Georgia Burglary Under the ACCA**

Pursuant to the ACCA, a felon in possession of a firearm receives a mandatory minimum 180-month sentence if he has previously been convicted of at least three prior "violent felon[ies]." 18 U.S.C. § 924(e)(1). Before *Johnson v. United States*, the ACCA defined a "violent felony" as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" [the elements clause]; (2) "is burglary, arson, or extortion, involves use of explosives" [the enumerated-offenses clause]; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" [the residual clause]. 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Court held that the residual clause was unconstitutionally vague, although it noted that its findings did not call into question the constitutionality of the elements clause or enumerated-offenses clause. 135 S. Ct. at 2563.

As applied to Vowell's burglary conviction, under the enumerated-offenses clause, not every "burglary" conviction qualifies as an ACCA predicate offense; rather, only "generic burglary," or "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime," qualifies. *Taylor v. United States*, 495 U.S. 575, 598 (1990). In order to determine whether a previous burglary conviction qualifies as a predicate offense, courts apply the "categorical approach," whereby we determine "whether the elements of the crime of conviction sufficiently match the elements of generic burglary." *Mathis*, 136 S. Ct. at 2248. If the elements are the same as, or narrower than, generic burglary, the statutory offense is a predicate offense. *Taylor*, 495 U.S. at 599. This is simple if the statute is indivisible and sets out singular elements of a crime. When a statute is alternatively phrased, however, the court must examine whether the statute is "divisible," meaning the statute lists elements—i.e., "the things the prosecution must prove to sustain a conviction," rather than means—i.e., factual alternatives for how a defendant may commit a crime. *Mathis*, 136 S. Ct. at 2248–49 (internal quotation marks omitted).

If a statute is broader than generic burglary but nonetheless divisible, the court conducts the "modified categorial approach," under which the court looks at *Shepard*-approved documents to determine the crime, and its elements, for which the defendant was convicted; the court will then compare that crime with the elements of generic burglary. *Id.* at 2248–49. These

documents may include the charging documents or indictment, terms of a plea agreement, transcript of a plea colloquy, and, under our precedent, a final state-court judgment. *See id.* at 2249 (explaining that under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)"); *United States v. Davis*, 751 F.3d 769, 776 (6th Cir. 2014) (noting that the defendant's "Ohio Judgment Entry of Sentence" was an appropriate *Shepard* document); *United States v. Cooper*, 739 F.3d 873, 881 (6th Cir.), *cert. denied*, 572 U.S. 1008 (2014) (considering the defendant's "indictment, plea agreement, and state-court judgment" to determine whether the defendant pleaded guilty to a particular crime).[8]

In the current case, Vowell primarily contends that, under *Johnson*, his 1983 conviction for Georgia burglary[9] is no longer a predicate offense because the Georgia burglary statute is both broader than generic burglary and indivisible. *See* Appellant Brief at 9–23. As this court

---

[8]On appeal, Vowell contends that courts are not permitted to consider a state court's judgment in determining whether a conviction constitutes a predicate offense. Appellant Brief at 23–26. As noted above, this argument is contrary to our current precedent. Furthermore, because state-court judgments are signed and filed by the sentencing court and explicitly delineate the particular criminal count or counts for which a defendant has been convicted, state-court judgments easily meet the threshold certainty required under *Taylor*. *See Shepard v. United States*, 544 U.S. 13, 23 (2005) (noting *Taylor*'s rule requiring "that evidence of generic conviction be confined to records of the convicting court approaching the certainty of the record of conviction in a generic crime State"). Vowell points to two decisions from the Georgia Court of Appeals to suggest that a defendant's conviction and indictment are not necessarily based on the same underlying elements and, therefore, this court may not rely on the listed crime as it appears in his state-court indictment. *See* Appellant Brief at 11–13 & 23 n.8 (citing *Sanders v. State*, 667 S.E.2d 396 (Ga. Ct. App. 2008), and *Weeks v. State*, 616 S.E.2d 852 (Ga. Ct. App. 2005)). However, in both of those cases, the defendants asserted that the evidence varied from the allegations in their indictments since their indictments identified a "dwelling house" but, because the houses were under construction, they were convicted of burglarizing only a "building." *Sanders*, 667 S.E.2d at 399–400; *Weeks*, 616 S.E.2d at 854–55. Not only has Vowell produced no evidence (let alone significant argument) indicating that his conviction and indictment are inconsistent, but both defendants in *Sanders* and *Weeks* were still seemingly convicted of a generic burglary, i.e., the "unlawful or unprivileged entry into, or remaining in, a *building or structure*, with intent to commit a crime." *Taylor*, 495 U.S. at 598 (emphasis added). And as this court noted in *Richardson*, neither of these state cases "holds that an indictment may charge a generic burglary (e.g., unauthorized entry into a 'building or structure') but that a jury may instead find a defendant guilty of a non-generic burglary (e.g., unauthorized entry into an aircraft)." *Richardson*, 890 F.3d at 626 n.5. This is particularly true because under Georgia law, "where the defendant is charged with burglary, the indictment must specify the location of the burglary." *Morris v. State*, 303 S.E.2d 492, 494 (Ga. Ct. App. 1983).

[9]At the time of Vowell's 1983 conviction, Georgia's burglary statute provided: "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof." Ga. Code Ann. § 16-7-1(a) (1980). *See also* Appellant Brief at 10 (stating the applicable statutory language).

recently determined, however, in *Richardson v. United States*, although Georgia burglary is broader than generic burglary, the Georgia statute is nonetheless divisible under the test articulated in *Mathis*. 890 F.3d at 621–22, 629. Thus, we must now examine the permitted *Shepard* documents to determine whether Vowell was convicted of generic burglary. Vowell's indictment for Georgia burglary explains that, as to count one, Vowell "did then and there, unlawfully, without authority and with intent to commit a theft therein, enter and remain within the residence and *dwelling house* of Diane Wright." R. 49-4 (Page ID #53) (emphasis added). Additionally, Vowell's state-court judgment explained that Vowell was convicted of "COUNT[] one (1)" and sentenced to ten years of imprisonment. R. 49-5 (Page ID #54). Because Vowell was therefore convicted of entering a "dwelling house," Vowell's conviction constitutes generic burglary under the ACCA and it was properly evaluated as a predicate offense. *See Richardson*, 890 F.3d at 629 (examining the defendant's indictment and concluding that because he was indicted and convicted for entering a "dwelling house or building," he was properly sentenced under the ACCA). Vowell concedes that two of his other prior convictions constitute violent felonies under the ACCA. *See* R. 46 (Mot. to Vacate at 3) (Page ID #5). Consequently, Vowell was correctly designated as a career offender,[10] and we will affirm the district court's denial of Vowell's § 2255 petition.[11]

---

[10]Vowell asserts that he could not waive his right to challenge his sentence on the ground that it was based on an unconstitutional factor, i.e., the residual clause. Reply Brief at 14–21; *see also Johnson*, 135 S. Ct. at 2563 (concluding the residual clause of the ACCA was unconstitutionally vague). The government responds that because *Johnson* applies only to individuals who are sentenced under the residual clause, it does not apply to Vowell's ACCA designation under the enumerated-offense clause. Appellee Brief at 17–18. This court has recently noted, however, that when the record is silent on which ACCA clause a defendant was sentenced under and a defendant raises a *Johnson* claim in his initial § 2255 claim, the court may examine it. *See Raines v. United States*, 898 F.3d 680, 686 (6th Cir. 2018). Such is the situation here. However, the *Raines* court also explained that "if [the defendant's conviction] falls under the use-of-force clause or the enumerated-offenses clause, it remains a proper predicate offense in the wake of *Johnson*" and thus would not be constitutionally invalid. *Id.* at 688. Because Vowell's 1983 conviction for Georgia burglary is a predicate offense under the enumerated-offenses clause of the ACCA, *Johnson* does not render Vowell's sentence unconstitutional based on the residual clause.

[11]Vowell also asserts that he is a not a career offender because Georgia burglary's intent requirement is both indivisible and broader than generic burglary, as it does not require contemporaneous intent. Appellant Reply Brief at 24–26. The Supreme Court has recently clarified, however, that "we interpret remaining-in burglary under § 924(e) to occur when the defendant forms the intent to commit a crime at any time while unlawfully present in a building or structure." *See Quarles v. United States*, No. 17-778, 2019 WL 2412905, at *5 (June 10, 2019). Consequently, even assuming Georgia burglary does not require contemporaneous intent, Vowell's argument fails.

## III.  CONCLUSION

For all of the reasons set forth above, we reaffirm the appellate waiver rule established in *Caruthers*: "[A]n appellate waiver does not preclude an appeal asserting that the statutory-maximum sentence has been exceeded."  458 F.3d at 471–72.  Moreover, the *Caruthers* rule extends to motions brought under § 2255, even if the basis for those motions is a subsequent change in the law that renders the petitioner's sentence statutorily excessive.  However, because Vowell was correctly sentenced as a career offender under the ACCA, we affirm the district court's denial of his § 2255 motion.